**PALM DESERT NATIONAL BANK,**
Plaintiff–Appellant,

v.

**FEDERAL INSURANCE COMPANY,**
Defendant–Appellee.

No. 07–55264.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2008.

Filed Nov. 19, 2008.

Robert P. Beckham, Esquire, Horgan Rosen Beckham & Coren LLP, Calabasas, CA, for Plaintiff–Appellant.

Gilbert D. Jensen, Musick Peeler & Garrett, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: SCHROEDER and RAWLINSON, Circuit Judges, and SANDOVAL *, District Judge.

## MEMORANDUM **

Palm Desert National Bank ("PDNB") appeals the district court's grant of summary judgment in favor of Federal Insurance Company ("Federal"). PDNB also appeals the denial of its cross-motion for partial summary judgment. The district court concluded that the financial institution bond (the "Policy") issued by Federal did not cover PDNB's vault cash because it was not "in transit" when the loss occurred. We review *de novo* a district court's grant or denial of cross-motions for summary judgment. *See Bader v. Northern Line Layers, Inc.,* 503 F.3d 813, 816 (9th Cir.2007). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because this is a diversity action that involves interpretation of an insurance contract, California insurance law governs the analysis. *Conestoga Services Corp. v. Executive Risk Indemnity, Inc.,* 312 F.3d 976, 981 (9th Cir.2002). "The rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *See Waller v. Truck Ins. Exchange, Inc.,* 11 Cal.4th 1, 18, 44 Cal. Rptr.2d 370, 900 P.2d 619 (1995) (citing Cal. Civ.Code § 1638).

The district court relied upon *Aetna Casualty & Surety Co. v. Burbank Generators, Inc.,* 121 Cal.App.3d 813, 175 Cal. Rptr. 568 (App.1981) to conclude that coverage was not available under the Policy because PDNB's vault cash could not be considered "in transit" when the loss occurred. Although this rationale might apply, we conclude that coverage of PDNB's loss is precluded by the express terms of the Policy that extend coverage only to losses occurring when property is "in an armored vehicle" or during "loading and unloading" of the armored vehicle. The stipulated facts in this case indicate that PDNB's loss occurred after the money was unloaded from the armored vehicle and placed inside the carrier's office. Therefore, we find that PDNB's loss is precluded from coverage by the express terms of the Policy.

**AFFIRMED.**